IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNSHINE MACINTYRE, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 21-306 |

## **ORDER**

AND NOW, this 17th day of June, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] At the last stage of the sequential analysis, the Administrative Law Judge ("ALJ") concluded that, given Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that

she is able to perform, such as document preparer, stuffer, and telephone solicitor.  (R. 27-28).  Plaintiff argues that the case should be remanded because: 1) There are apparent and unresolved conflicts between the testimony of the vocational expert ("VE") and the information contained in the Dictionary of Occupational Titles ("DOT") as it relates to two of the jobs identified by the VE (document preparer and telephone solicitor); and 2) The other job (stuffer) does not exist in significant numbers in the national economy.   (Doc. No. 17 at pp. 5-9).

With regard to the apparent conflicts, Plaintiff argues that pursuant to the DOT the jobs of document preparer and telephone solicitor have a reasoning level of 3, creating an apparent conflict with her RFC as determined by the ALJ, which restricted her to simple routine tasks and simple work-related decision.  (Doc. No. 17 at pp. 6-7).  Plaintiff further asserts that because no explanation was given to cure or resolve this conflict, the case should be remanded.  (*Id*.)   After a careful review, the Court disagrees.

"The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *McHerrin v. Astrue*, Civ. No. 09-2035, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing S.S.R. 00-4p, 2000 WL 1898704 (Dec. 4, 2000)).  Among other qualifications, jobs are assigned a General Educational Development level, which includes a reasoning level from 1 to 6.  Jobs with a reasoning level of 3 require that an employee "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C, § III.

Here, the VE testified that Plaintiff could perform the jobs of document preparer and telephone solicitor.  (R. 69-71).  While there is no dispute that both jobs have a reasoning level of 3, there is no bright-line rule that a reasoning level 3 conflicts with a limitation of simple routine tasks.  *See Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014).  In fact, the Third Circuit has expressly declined to find that there is a *per se* conflict between a reasoning level of 3 and a limitation to simple, routine tasks and unskilled work.  *See Zirnsak*, 777 F.3d at 618.  Instead, the Circuit Court explained that remand is not necessary in such cases where the ALJ discharged his or her duty to ask the VE whether his or her testimony was consistent with the DOT on the record and where the following factors were met: (1) the claimant did not seriously argue an inability to perform the jobs in question and the record supports a finding that he or she can perform such work; (2) the claimant did not point out the conflict at the hearing; and (3) the challenged jobs were only representative examples.  *See id*. at 618-619.  Plaintiff makes no serious effort to address any of these factors.  (Doc. No. 17 at pp. 6-7).

Nonetheless, considering the same, the Court finds remand is unwarranted.  To begin with, the ALJ did, in fact, ask the VE if his testimony was consistent with the DOT, and the VE responded that it was and that to the extent that it was not, his testimony was based on his education and experience.  (R. 70-71).  To that end, the Court notes that Plaintiff stipulated to the VE's qualifications.  (R. 67).  Beyond that, Plaintiff has made no real argument that she could not perform the work of a document preparer.  Rather, the record indicates that the work was within her reasoning abilities.  (*See*, *e.g.*, R. 47, 359 – revealing Plaintiff's work as an EMT business manager and a coffee shop manager – and R. 598, 1325, 1353, 1338 – revealing

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

s/ Alan N. Bloch<br>
United States Senior District Judge

ecf:   Counsel of Record

---

Plaintiff's work as a seamstress/sewer). Moreover, the cases cited by Plaintiff are clearly distinguishable as such individual case circumstances simply are not present here (*i.e.,* nothing in this record indicates, nor does Plaintiff cite to any evidence of record indicating, a brain injury, borderline intellectual functioning, or marked limitations in mental functioning).

With regard to the position of telephone solicitor, Plaintiff argues that she could not perform such a job that entails frequent talking because the RFC limits her to occasionally interacting with others. (Doc. No. 17 at pp. 5-6). The Court is not persuaded by this argument. "Face-to-face interaction" and talking "over the phone" are distinct acts as noted by the DOT. *Schmits v. Astrue*, 386 Fed. Appx. 71, 77 (3d Cir. 2010). Plaintiff does not argue that she cannot talk to people over the telephone. In fact, she testified at her hearing that she greets people at medieval recreational events and talks to them. (R. 65). Thus, the Court finds that the record supports a finding that Plaintiff can perform the work of a document preparer and/or telephone solicitor.

Next, Plaintiff failed to raise any inconsistencies with regard to any of the jobs at the hearing. (R. 67-73). Finally, the jobs offered by the VE appear to have been offered as examples and not as an exhaustive list. (R. 69-70). Indeed, the ALJ specifically identified the positions as representative occupations. (R. 28). Accordingly, remand is not warranted on this argument.

While the Commissioner does bear the burden of demonstrating that the claimant can perform jobs existing in the national economy at the fifth step of the sequential analysis, *see Zirnsak*, 777 F.3d at 616, this burden is satisfied if the ALJ identifies at least one occupation with a significant number of jobs in the national economy that the claimant can perform. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citing 20 C.F.R. § 404.1566(b)). Because the Court has resolved the issue of apparent conflict in Defendant's favor, the Court need not consider the remaining issue, whether absent the document preparer and telephone solicitor jobs, the other job cited by the VE (stuffer) exists in significant numbers in the national economy, as it is now moot given the significant number of document preparer and/or telephone solicitor jobs available.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.